**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

## I. CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE FIFTH JUDICIAL CIRCUIT,
IN AND FOR LAKE COUNTY, FLORIDA

GOSHUA WILLIAMS
Plaintiff

Case # ____________________
Judge ____________________

vs.
DALTON WADE, INC.,
Defendant

---

## II. AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

**III. TYPE OF CASE** (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.



FILED: LAKE COUNTY, GARY J. COONEY, CLERK, 02/11/2026 12:24:25 PM

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
 ☐ Business governance
 ☐ Business torts
 ☐ Environmental/Toxic tort
 ☐ Third party indemnification
 ☐ Construction defect
 ☐ Mass tort
 ☐ Negligent security
 ☐ Nursing home negligence
 ☐ Premises liability—commercial
 ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
 ☐ Commercial foreclosure
 ☐ Homestead residential foreclosure
 ☐ Non-homestead residential foreclosure
 ☐ Other real property actions

☐ Professional malpractice
 ☐ Malpractice—business
 ☐ Malpractice—medical
 ☐ Malpractice—other professional
☒ Other
 ☐ Antitrust/Trade regulation
 ☐ Business transactions
 ☐ Constitutional challenge—statute or ordinance
 ☐ Constitutional challenge—proposed amendment
 ☐ Corporate trusts
 ☐ Discrimination—employment or other
 ☐ Insurance claims
 ☐ Intellectual property
 ☐ Libel/Slander
 ☐ Shareholder derivative action
 ☐ Securities litigation
 ☐ Trade secrets
 ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

**IV. REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V. NUMBER OF CAUSES OF ACTION:** [ ]
(Specify)

1

**VI. IS THIS CASE A CLASS ACTION LAWSUIT?**
☒ yes
☐ no

**VII. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ no
☐ yes If "yes," list all related cases by name, case number, and court.

**VIII. IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ yes
☐ no

**IX. DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
☐ yes
☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Mitchell David Hansen    Fla. Bar # 1065929
Attorney or party    (Bar # if attorney)

Mitchell David Hansen    02/10/2026
(type or print name)    Date

**IN THE CIRCUIT COURT OF THE 5TH JUDICIAL CIRCUIT**
**IN AND FOR LAKE COUNTY, FLORIDA**

Case No.:

**GOSHUA WILLIAMS**
*individually and on behalf of all those similarly situated,*

**Plaintiff,**

v.

**DALTON WADE, INC.**

**Defendant.**
______________________________________/

**CIVIL ACTION SUMMONS**

**SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

**DALTON WADE, INC.**
C/O: Havre, Bill
3030 N. ROCKY POINT DR. STE 150A
TAMPA, FL 33607

Each defendant is required to serve written defenses to the complaint or petition on Plaintiff's attorney, Jibrael. S. Hindi, Esq., The Law Offices of Jibrael S. Hindi, PLLC, 1515 NE 26th Street Wilton Manors, Florida 33305, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on: ____________________________

Clerk of the Court

By: __________________________________
As Deputy Clerk

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away.

If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

**GARY J. COONEY**

CLERK OF THE CIRCUIT COURT AND COMPTROLLER

P O BOX 7800, 550 WEST MAIN STREET, TAVARES, FL 32778

# RECEIPT

3141224

Printed On:
02/11/2026 12:24
Page 1 of 1

| Receipt Number: 3141224 - Date 02/11/2026 Time 12:24PM | | | |
|---|---|---|---|
| **Received of:** | The Law Offices of Jibrael S. Hindi<br>1515 NE 26th St<br>Wilton Manors, FL 33305 | | |
| **Cashier Name:** | efiling | **Balance Owed:** | 410.00 |
| **Cashier Location:** | E-Filing | **Total Amount Paid:** | 410.00 |
| **Receipt ID:** | 2811350 | **Remaining Balance:** | 0.00 |
| **Division:** | | | |

**Case# 35-2026-CA-000325-AXXX-01 -- Plaintiff: WILLIAMS, GOSHUA**

| Item | Balance | Paid | Bal Remaining |
|---|---|---|---|
| Fees | 410.00 | 410.00 | 0.00 |
| **Case Total** | **410.00** | **410.00** | **0.00** |

**Payments**

| Type | Ref# | Amount |
|---|---|---|
| eFiling Credit Card | 17932007 | **410.00** |
| **Total Received** | | **410.00** |
| **Total Paid** | | **410.00** |

**IN THE CIRCUIT COURT OF THE 5TH JUDICIAL CIRCUIT**
**IN AND FOR LAKE COUNTY, FLORIDA**

Case No.: 2026 CA 000325

**GOSHUA WILLIAMS**
*individually and on behalf of all those similarly situated,*

**Plaintiff,**

**CIVIL ACTION SUMMONS**

v.

**DALTON WADE, INC.**

**Defendant.**
_______________________________________/

## SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

**DALTON WADE, INC.**
C/O: Havre, Bill
3030 N. ROCKY POINT DR. STE 150A
TAMPA, FL 33607

Each defendant is required to serve written defenses to the complaint or petition on Plaintiff's attorney, Jibrael. S. Hindi, Esq., The Law Offices of Jibrael S. Hindi, PLLC, 1515 NE 26th Street Wilton Manors, Florida 33305, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on: 02/11/2026

Clerk of the Court

By: ______________________
As Deputy Clerk

CLERK OF THE CIRCUIT COURT AND COMPTROLLER ★ LAKE COUNTY, FLORIDA ★

**IMPORTANT**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away.

If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

**IMPORTANTE**

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

Filing # 244182005 E-Filed 03/19/2026 02:08:51 PM

**IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT**
**IN AND FOR LAKE COUNTY, FLORIDA**

GOSHUA WILLIAMS,

Plaintiff,

CASE NO.: 35-2026-CA-000325-AXXX-01

vs.

DALTON WADE INC,

Defendant.
______________________________/

**CASE MANAGEMENT ORDER (GENERAL)**

Pursuant to the dictates of Administrative Order AOSC20-23 of the Florida Supreme Court, and A-201-13, Fifth Judicial Circuit, and STIPULATION OF THE PARTIES, the Court issues this Case Management Plan Order.

1. **Trial Period: and Pretrial Conference date: ***

| | | |
|---|---|---|
| Projected trial date and jury indication ****Should not exceed 18 months from the date of service of initial process on the last defendant or 120 days after the commencement of the action, whichever occurs first.*** | Trial Period Starting: | Monday, August 16, 2027 |
| | Pre-Trial Conference Date: | Thursday, August 5, 2027 |
| | Jury Trial | Jury Trial |
| | Number of Trial Days: | three to five (3-5) days |
| | *Final Date will be confirmed by Order Setting Trial, Pre-Trial Conference, and Directing Pre-Trial Compliance* | |

2. **Initial Meet/Confer, Discovery Disclosure and Service of Process**

| | |
|---|---|
| Perfect Service of Process: | 120 days after filing complaint |

FILED: LAKE COUNTY, GARY J. COONEY, CLERK, 03/20/2026 09:29:33 AM

| | |
|---|---|
| Filing of Agreed Case Management Plan/Order | 30 days after last DF served |
| **Initial Discovery Disclosure** Irrespective if any formal discovery requests are made), each party shall provide the other party(ies) the following initial discovery disclosures unless privileged or protected:<br>1. name, address(if known), telephone number and email address for each individual likely to have discoverable information (including the subject matter of that information) that the disclosing party may use to support its claims and defenses;<br>2. a copy; or description by category and location of all documents, ESI and tangible things that the disclosing party may use to support its claims and defenses;<br>3. a computation for each category of damages claimed by the disclosing party and a copy of any supporting documentation or evidence;<br>4. a copy of any insurance policy or agreement that may provide coverage indemnification for the disclosing party if found liable for a possible judgment in the action.<br>***Unacceptable Excuses.*** A party must make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures.<br>***This requirement is in place to help facilitate the litigation process, more readily identify needs of the case, and more efficiently engage in the discovery process to ensure timely compliance with case management deadlines*** | 45 days after CMPO filed<br><br>(Notice of Compliance shall be filed 5 days thereafter) |

3. **Deadlines and Cutoff Dates**[1]
(Calculated as days before Pretrial Conference Date)

When calculating deadlines based on the Pre-Trial Conference date, if the deadline falls on a weekend or holiday, the deadline will be taken as the last business day prior to the deadline date. E.g., if 10 days prior to the Pre-Trial Conference date falls on Saturday, March 13th, the deadline for mediation to be completed would be Friday, March 12th (*not* Monday, March 15th).

| **Deadlines and Cutoff Dates** | **Number of Days before Pretrial Conference** |
|---|---|
| 1. **Plaintiff and Defendant(s) are to disclose potential fact witnesses (including treating physicians and/or non-retained experts)**<br><br>***Exchanged between the parties to facilitate pre-trial discovery, but not filed with the Court.*** *The formal Fact Witness List will be filed in accordance with Para. 10 below.* | 120 days prior to PTC date (4/5/27)<br>**(Notice of Compliance shall be filed 5 days thereafter)** |

| | |
|---|---|
| 3. **Disclosure and <u>filing</u> of Plaintiff Expert Witness List**<br><br>Regardless if Defendant propounds expert discovery, Plaintiff will disclose: Names/address; area of expertise; subject matter of expected testimony; substance of facts and opinions; summary of grounds on which opinion is based; and at least 2 available dates for deposition.<br><br>Each party is limited to one expert per specialty. No other expert testimony should be permitted at trial. | 90 days prior to PTC date (5/5/27) |
| 4. **Disclosure and <u>filing</u> of Defendant Expert Witness List**<br><br>Regardless if Plaintiff propounds expert discovery, Defendant will disclose: Names/address; area of expertise; subject matter of expected testimony; substance of facts and opinions; summary of grounds on which opinion is based; and at least 2 available dates for deposition.<br><br>Each party is limited to one expert per specialty. No other expert testimony should be permitted at trial. | 75 days prior to PTC date (5/21/27) |
| 5. **Motions to amend pleadings or add new parties, <u>filed</u> and served** | 100 days prior to PTC date (4/25/27) |
| 6. **Disclosure and filing of *Fabre* Defendants** | 100 days prior to PTC date (4/25/27) |
| 7. **<u>Filing</u> of Plaintiff Rebuttal Experts**<br><br>Regardless if Defendant propounds expert discovery, Plaintiff will disclose: Names/address; area of expertise; subject matter of expected testimony; substance of facts and opinions; summary of grounds on which opinion is based; and at least 2 available dates for deposition.<br><br>Each party is limited to one expert per specialty. No other expert testimony should be permitted at trial. | 60 days prior to PTC date (6/5/27) |
| 8. **Mediator and Mediation Date <u>agreed to</u>** | 90 days prior to PTC date (5/5/27) |
| 9. **All CME Rule 1.360 exams completed:** (counsel should schedule the CME as soon as Plaintiff discloses expert witnesses and not upon approaching this deadline) | 90 days prior to PTC date (5/5/27) |
| 10. **CME Report prepared and provided to Plaintiff**<br>(If Defendant intends to call CME Dr to testify, DF shall provide 3 available depo dates within 10 days after report) | 60 days prior to PTC date (6/5/27) |
| 11. **<u>Filing</u> of Plaintiff and Defendant Fact Witness List and Exhibit** | 80 days prior to PTC date (5/15/27) |

| | |
|---|---|
| 12. **Disclosure of post-accident surveillance to be used at trial**<br><br>***Exchanged between the parties to facilitate pre-trial discovery, but not filed with the Court*** | 90 days prior to PTC date (5/5/27)<br><br>**(Notice of Compliance shall be filed 5 days thereafter)** |
| 13. **All dispositive motions and summary judgment motions <u>filed and served</u>** | 90 days prior to PTC date (5/5/27) |
| 14. **All expert discovery and responses completed by** | 60 days prior to PTC date (6/5/27) |
| 15. **All Daubert motions <u>filed and served</u>** | 60 days prior to PTC date (6/5/27) |
| 16. **Completion of Fact Discovery (including Depositions)** | 14 days prior to PTC date (7/22/27) |
| 17. **All Daubert Motions/Expert Objections noticed and heard** (Failure to do so shall constitute a waiver at Trial of any Daubert related evidence objection or issue)<br><br>Responsibility for scheduling the hearing shall be upon the party filing the Motion or Objection. | 30 days prior to PTC date (7/5/27) |
| 18. **Disclosure of all *Northrup impeachment materials*** | 30 days prior to PTC date (7/5/27) |
| 19. **Plaintiff and Defendant final disclosure of all trial witnesses** (Counsel should designate which of previously disclosed witnesses they intend to call at trial)<br><br>***Exchanged between the parties to facilitate trial preparation, but not filed with the Court*** | 20 days prior to PTC date (7/16/27)<br><br>**(Notice of Compliance shall be filed 5 days thereafter)** |
| 20. **Plaintiff and Defendant disclosure of all trial exhibits** (Counsel should designate which of previously disclosed exhibits they intend to use at trial)<br><br>***Exchanged between the parties to facilitate trial preparation, but not filed with the Court*** | 20 days prior to PTC date (7/16/27)<br><br>**(Notice of Compliance shall be filed 5 days thereafter)** |

| | |
|---|---|
| 21. **All motions for summary judgment heard** (Responsibility for scheduling hearing shall be upon the party filing the Motion or Objection) | 20 days prior to PTC date (7/16/27) |
| 22. **All Motions noticed and heard (except Daubert motions, motion for summary judgment, and motions in limine)** | 15 days prior to PTC date (7/21/27) |

| | |
|---|---|
| 23. **Plaintiff/Defendant exchange and filing Notice of Depo Designations** | 15 days prior to PTC date (7/21/27) |
| 24. **Plaintiff/Defendant exchange and filing objections and counter-designations to depo designations** | 10 days prior to PTC date (7/26/27) |
| 25. **Mediation Completed** | 10 days prior to PTC date (7/26/27) |
| 26. **Attorney Meet/Exchange/Inspect/Pretrial Stipulation** Exchange/examine pre-trial exhibits, discuss settlement; determine stipulated facts and issues; prepare pre-trial statement/stipulation; complete pre-trial checklist and proposed pre-trial conference order; confirm witnesses and contact info; review video depo and exhibits to be used at trial; agree on jury instructions, verdict form, and exhibit logs | 10 days prior to PTC date (7/26/27) |
| 27. **Plaintiff/Defendant objections to depo designations noticed and heard** | 10 days prior to trial (8/6/27) |
| 28. **All Motions in limine noticed and heard** | 5 days prior to trial |

ORDERED that the preceding trial period, pretrial conference date, deadlines and cutoff dates are applicable to this action, and that same will be strictly applied by the Court.

1. **COMPLIANCE WITH THIS CASE MANAGEMENT PLAN/ORDER:** The parties shall strictly comply with the terms of this Case Management Plan/Order unless otherwise ordered by the Court. FAILURE TO COMPLY WITH ALL REQUIREMENTS OF THIS ORDER WILL RESULT IN THE IMPOSITION OF SANCTIONS.

2. **MODIFICATION OF THIS ORDER:** The parties may not, individually or by agreement, alter or extend the deadlines in this Order, or waive any of the provisions of this Order. The provisions of this Order may be modified only upon motion/stipulation and Court order in accordance with applicable law.

1. **DISCOVERY:** All counsel and unrepresented parties shall familiarize themselves with each Division's Policies and Procedures, the current edition of

the Florida Handbook on Civil Discovery Handbook

2. **CONCLUSION OF CASE:** The attorneys for the parties are responsible for ensuring that all entities named in the action are dismissed or dropped when the case is concluded. The Clerk is not responsible for making these determinations.

DONE AND ORDERED in chambers in Tavares, Lake County, Florida this this 19th day of March, 2026.

DAN R. MOSLEY
Circuit Judge

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent by U.S. Mail or E-Service to the following this 19th day of March, 2026.

Mitchell David Hansen <mitchell@jibraellaw.com>, <melanie@jibraellaw.com>, <ray@jibraellaw.com>
Zane C. Hedaya <zane@jibraellaw.com>
Gerald Lane <gerald@jibraellaw.com>
Rena Lerner <rena@jibraellaw.com>

By: ______________________
Judicial Assistant

Filing # 244182005 E-Filed 03/19/2026 02:08:51 PM

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT,
IN AND FOR LAKE COUNTY, FLORIDA

GOSHUA WILLIAMS,
Plaintiff(s),
vs.

CASE NO.: 35-2026-CA-000325-AXXX-01

DALTON WADE INC,
Defendant(s).
_____________________________/

## ORDER ESTABLISHING MOTION PRACTICE PROCEDURE

**IT IS ORDERED** that to facilitate an orderly progression of this matter and better-informed decisions by the Court, all future motions shall be filed with the Clerk of the Court pursuant to Fla. R. Jud. Admin. 2.516, and shall be handled in the following manner:

A. *Legal memorandum required*. In making any written motion or other application to the Court for the entry of an order of any kind, the moving party shall file and serve with such motion a legal memorandum with citations of authority in support of the relief requested. A supporting memorandum may be incorporated into the body of the motion but should be clearly titled, "Motion to/for------------and Memorandum of Law."

The following motions need not be accompanied by a memorandum of law:

1. Motion for Continuance;
2. Motion for Default addressed to the court;
3. Motion for Confirmation of Sale;
4. Motion to Withdraw or Substitute Exhibits;
5. Motion to Proceed *Informa Pauperis*;
6. Motion for Extension of Time in which to complete discovery providing good cause is set forth in the motion; and
7. Motion to Withdraw or Substitute Counsel.

B. Timely opposing memoranda. Each party opposing any written motion or other application shall file and serve, within ten (10) days after being served with such motion or application, a legal memorandum with citations to authority in opposition to the relief requested. Failure to respond within the time allowed may be deemed sufficient cause for granting the motion by default or for the Court to construe that there is no objection to the motion.

If a party has no objection to a motion and does not intend to file a responsive memorandum, counsel shall file a written notice with the clerk of the court so indicating.

C. Replies. If upon receipt of an opposing memorandum, counsel determines further argument of his clients position is required, counsel shall file a reply within five (5) days of the receipt of the opposing memorandum.

D. Discovery motions accompanied by good faith certification. Before filing a motion to compel pursuant to the Florida Rule of Civil Procedure 1.380, or a motion for protective order pursuant to Rule 1.280(c), counsel shall confer with counsel for the opposing party in a good faith effort to resolve by agreement the issues raised, and shall certify to the court at the time of filing the motion that she/he has conferred with opposing counsel but has been unable to resolve the dispute. In addition, counsel shall attach a copy of the correspondence to the motion as an exhibit, thus providing proof that a good faith effort to resolve the discovery dispute was made. The failure to comply with this paragraph may result in the Court entering an order striking, without prejudice, the discovery motion.

E. Content of discovery motions. Except for motions grounded upon a complete failure to respond to discovery, discovery motions shall:

(1) quote in full each interrogatory, question on deposition, request for admission, or request for production to which the motion is addressed;

(2) quote in full the objection and grounds given therefore; and

(3) state (with citations to authority) the reasons such objection should be overruled or sustained. If the allegation in the motion to compel that there has been a complete failure to respond or object to discovery, and there has been no request for an extension of time, then the Court will enter an ex parte order compelling discovery.

F. Oral argument. Motions and other applications will ordinarily be determined by this Court on the basis of the motion, exhibits and legal memoranda unless a hearing is required by rule or law.

(For example, under the rules, summary judgment motions must be set for hearing). This would not, however, extinguish the requirement that the motion be accompanied by and responded to with memoranda taking into consideration the time frame under Florida Rule of Civil Procedure 1.510(c), for filing supporting and opposing affidavits, etc.

The court may permit oral argument upon the written request of any interested party or upon the court's own motion. Requests for oral argument must accompany the motion or opposing legal memorandum and must estimate the time required for argument. When a request for hearing is granted, counsel for the requesting party will be asked to coordinate

with all counsel and the Court the time, date and time required for argument. Further, the Court on its own may schedule a hearing.

ORAL ARGUMENT FOR DISPOSITIVE MOTIONS (including, but not limited to, Motions for Summary Judgment) MUST BE HELD NO LESS THAN 30 DAYS PRIOR TO THE PRETRIAL CONFERENCE.

G. Page limitation. Absent prior permission of this Court, no party shall file a legal memorandum in excess of fifteen (15) pages in length.

H. Motions to be filed with the clerk. All original pleadings and papers shall be filed with the Clerk of the Court.

I. Form of motions. All applications to this Court requesting relief in any form, or citing authorities or presenting argument shall be made in writing in accordance with this order and in appropriate form pursuant to the Florida Rules of Civil Procedure. Unless directed by this Court, memoranda or argument shall not be presented in "correspondence form". All ex parte correspondence will be returned by the Court.

J. Time calculations. All time calculations herein shall be subject to Florida Rule of Civil Procedure 1.090.

K. In limine motions. Unless oral argument is requested and granted, or otherwise ordered by the Court, in limine motions will be resolved without a hearing. All Motion(s) in Limine shall be filed no later than 15 days before the start of the trial term or the Court may deny

the motion as being untimely. The parties shall confer and attempt to reach an agreement as to the issues raised in the Motion(s) in Limine filed.

L. Emergency motions. Motions of an emergency nature may be considered and determined by this Court in its discretion at any time.

M. Proposed Orders. In the event one party is drafting a proposed order at the request of the Court, the party shall present the proposed order to the other party or parties and advise the Court as to whether there is an agreement as to the form and content of the proposed order. If there is no agreement, each party shall submit a proposed order to the Court no later than 20 days following the hearing.

N. Conclusion of Case: The attorneys for the parties are responsible for ensuring that all entities named in the action are dismissed or dropped when the case is concluded. The Clerk is not responsible for making these determinations.

**FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER BY ANY PARTY MAY RESULT IN THE STRIKING OF PLEADINGS, IN WHOLE OR IN PART, OR STAYING FURTHER PROCEEDINGS UNTIL THIS ORDER IS COMPLIED WITH ; DISMISSAL OF THE ACTION; OR RENDERING A JUDGMENT BY DEFAULT AGAINST THE NON-COMPLIANT PARTY.**

**IT IS SO ORDERED** in chambers, Lake County, Florida, on this 19th day of March, 2026.

Dan R. Mosley, Circuit Judge

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was sent to the following via U.S Mail and/or Electronic Service delivery on this 19th day of March, 2026.

Mitchell David Hansen <mitchell@jibraellaw.com>, <melanie@jibraellaw.com>, <ray@jibraellaw.com>
Zane C. Hedaya <zane@jibraellaw.com>
Gerald Lane <gerald@jibraellaw.com>
Rena Lerner <rena@jibraellaw.com>

Andrea Coluccio, Judicial Assistant